GULOTTA, Judge.
This appeal is brought by plaintiff-appellant, Mrs. Vivian Boasso, against defendant-appellee, State Farm Mutual Auto Insurance Co., for medical payments due un *697 der an automobile policy issued to plaintiff by defendant company. The facts were stipulated to by both parties as follows.
Mrs. Vivian Boasso was injured on April 29, 1968, while attempting to stop her vehicle at the intersection of Clearview Parkway and Kawanee Street in the Parish of Jefferson. Mrs. Boasso incurred medical expenses totaling $1,199.75, as a direct result of said injuries and within one year of the date of said injuries. At the time of the injury, namely April 29, 1968, State Farm Mutual Automobile Insurance Company had an effective policy of insurance. Mrs. Boasso timely filed her claim with State Farm. State Farm refused to pay Mrs. Boasso’s claim on the basis that the injury complained of was not “caused by accident”. The injury complained of was a compression fracture of the third lumbar vertebra. There was no other vehicle involved in the incident and the injury occurred solely as a result of Mrs. Boasso attempting to depress the brake pedal of her vehicle with both feet on a rainy morning when it appeared to her that the brakes on her vehicle were not stopping her vehicle.
Plaintiff claims that though the act of placing two feet on the brake was intentional, the result of the action was accidental, i. e., the back injury.
From the trial court’s judgment denying medical payments to plaintiff, Mrs. Boasso brings this appeal.
The issue for our determination is whether or not plaintiff’s injury was “caused by accident” as contemplated in the policy, thus qualifying plaintiff to recover medical payments under the policy.
The applicable language of the policy in question is as follows:
"State Farm Mutual * * * agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to all of the terms of this policy:
“COVERAGE C — Medical Payments. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray, and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:
“DIVISION 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,’ caused by accident,
“(a) while occupying the owned automobile * * * ” (Emphasis added.)
We cannot hold that the strain in plaintiff’s back was “caused by accident” as intended by the insurance policy.
Mrs. Boasso’s application of both feet to the brakes was an intentional act. She intended to stop the vehicle by exerting an extraordinary amount of pressure to the brake. This procedure is not part of the ordinary course of driving and the consequences thereof would not be expected to be that of a slow smooth arrest of the vehicle. It is conceivable from this action, in effecting such a stop, that the body might react to extraordinary stress. Thus, it would be foreseeable that a strain in the back portion would not be improbable from this purposeful exertion of pressure or that other injury might result. An immediate and sudden stop with two feet on the brake was plaintiff’s purpose. The result was as contemplated — an immediate and sudden stop. The suddenness of the stop, although ■resulting in a back strain, was an intentional result — not an accidental result as plaintiff contends. No intervening cause entered the picture to create a basis for holding that an accident occurred. There was neither an accidental cause or means nor an accidental result connected with Mrs. Boasso’s activity. Her intention was clear from her initial action.
*698 Plaintiff relies on Schonberg v. New York Life Ins. Co., 235 La. 461, 104 So.2d 171 (1958) to support her contention that her injury was “caused by accident”.
In the Schonberg case, at issue was a life insurance policy, where double indemnity was to be paid if death resulted from “accidental means”. The decedent in the Schonberg case died during surgery as a result of a phylactic shock produced by a very rare blood transfusion reaction. Plaintiff claimed that this was death by accidental means and sought the payment of double indemnity. The court in finding that an intentional act (the blood transfusion) had created an unforeseen result (the rare phylactic shock or reaction to the blood transfusion) held that death had occurred through accidental means. The Court there rejected the doctrine of Parker v. Provident Life and Accident Ins. Co., 178 La. 977, 152 So. 583 (1933), rehearing denied January 2, 1934, which, in the eyes of the Court, made a confusing distinction between accidental means and an accidental result. The Court went on to say:
“In those jurisdictions which have, as we do now, repudiated the distinction between 'accidental means’ and ‘accidental results’, the test ‘is whether the average man, under the existing facts and circumstances, would regard the loss so unforeseen, unexpected, and extraordinary that he would say it was an accident.” Preferred Accident Ins. Co. v. Clark, 144 F.2d 165, 167 (10 Cir.) (Emphasis added.)
Under the circumstances of the case at bar, the average person would hardly regard plaintiff’s strained back as an extraordinary, rare, or unforeseeable result of the unorthodox manner in which Mrs. Boasso stopped her vehicle. Furthermore, an occurrence of this nature is not what the average man contemplates to be an accident covered by an automobile insurance policy.
The Supreme Court in Schonberg, supra, in repudiating the distinction between “accidental means” and “accidental results” as the determining factor in deciding whether or not grounds for insurance recovery based on an accident exist said:
“ * * * if there is an accidental result, there necessarily must have been an accidental means — the two cannot logically be separated, for either there is no accident at all or there is an accident throughout, 166 A.L.R. 474” Schonberg, supra, 104 So.2d at 177. (Emphasis added.)
We find this language in Schonberg applicable to the case at bar. Clearly, it was plaintiff’s intent to abruptly and expeditiously stop her vehicle. The placing of both feet on the brake was intentional as was the subsequent stop. We cannot, therefore, find this action of plaintiff’s to be an “accident” in the ordinary sense of the word. Since the highest court in this state has specifically addressed itself to the interpretation of the type of language in the policy at issue and said, “either there is no accident at all or there is an accident throughout,” and by stipulation of facts it is clear that Mrs. Boasso intended to use two feet on the brake to effect a sudden and immediate hault of her vehicle, there clearly was no “accident throughout”. Thus, in light of Schonberg, we must hold that there was “no accident at all.” We therefore find that plaintiff’s injury was not “caused by accident” as contemplated by the policy.
In light of our conclusion that defendant is not liable for medical payments under the policy, it is unnecessary to address plaintiff’s further contention that defendant is liable under LSA-R.S. 22:658 for penalties to be imposed upon an insurer who unwarrantably delays payment.
We find no manifest error in the ruling of the trial judge but rather concur in his findings.
Accordingly, the judgment of the trial court is affirmed. Plaintiff to pay costs of appeal.
Affirmed.